**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **H.M., A.M., R.G., N.S.-1, and N.S.-2**

**No. 22-0178** (Barbour County 21-JA-09, 21-JA-10, 21-JA-11, 21-JA-12, and 21-JA-114)

**MEMORANDUM DECISION**

Petitioner Mother M.P.[1] appeals the Circuit Court of Barbour County's January 31, 2022, order terminating her parental rights to H.M., A.M., R.G., N.S.-1, and N.S.-2.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Because petitioner challenges only the circuit court's acceptance of her voluntary relinquishment of parental rights to the children, it is unnecessary to recount the facts of the underlying proceedings in great detail. Briefly, the proceedings below commenced in February of 2021, when the DHHR filed a petition alleging that at least two of the children were sexually abused by a relative in the home, among other allegations.[3] When one child informed petitioner about the abuse, she failed to report it to law enforcement or take further action to protect the children, other than to instruct the child victim to "stay away" from the perpetrator. In June of 2021, petitioner stipulated to the allegations against her and was adjudicated as an abusing and neglecting parent.

In January of 2022, the court held a dispositional hearing, during which petitioner tendered to the court a written voluntary relinquishment of her parental rights to all five children. The court then engaged in a lengthy colloquy with petitioner to ensure that she understood the consequences of a termination of her parental rights, was aware of possible less drastic alternatives, and was informed that she had the right to a hearing and representation by counsel. Although petitioner

---

[1]Petitioner appears by counsel Michael Safcsak. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Allison C. Iapalucci appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because two of the children share the same initials, we will refer to them as N.S.-1 and N.S.-2, respectively.

[3]In December of 2021, the DHHR filed an amended petition to include the infant N.S.-2.

explained that she was made aware of all of these issues, she expressed during the colloquy that she did not believe that her voluntary relinquishment was in the children's best interest because she did not believe two of the children were "in a place that is safe for them." She did not, however, elaborate on this issue. The court then asked petitioner if she believed that it was in the children's best interest to resolve the proceedings, and petitioner responded that she believed that it was. As such, the court accepted petitioner's voluntary relinquishment of her parental rights to all five children and terminated her parental rights.[4] It is from the dispositional order that petitioner appeals.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred in accepting her voluntary relinquishment. We find, however, that the court complied with Rule 35(a)(3) of the Rules of Procedure for Child Abuse and Neglect Proceedings governing voluntary relinquishments, which requires that

> the court shall make the following inquiry at the disposition hearing:
>
> . . . .
>
> If the parent is present in court and voluntarily has signed a relinquishment of parental rights, the court shall determine whether the parent fully understands the consequences of a termination of parental rights, is aware of possible less drastic alternatives than termination, and was informed of the right to a hearing and to representation by counsel.

Here, the court made all of the relevant inquiries, with petitioner acknowledging that she was aware of her rights.

Petitioner further argues that she was in duress when she voluntarily relinquished her parental rights because she believed two of the children were unsafe but she "did not know what else to do." However, at no point does petitioner elaborate on why she believed any of the children were unsafe or otherwise explain why she felt she had no choice but to accept the relinquishment, given that she explained to the court that she fully understood that she could proceed to a contested disposition. Simply put, petitioner has failed to establish duress, especially when considering that "the threshold for establishing duress and fraud in the context of the relinquishment of parental rights is extremely high." *In re Cesar L.*, 221 W. Va. 249, 261, 654 S.E.2d 373, 385 (2007) (citation omitted).

---

[4]Petitioner does not challenge the termination of her parental rights on appeal.

[5]The father of N.S.-1 and N.S.-2 also voluntarily relinquished his parental rights to those children. The permanency plan for N.S.-1 is adoption by H.M.'s father. The permanency plan for N.S.-2 is adoption in the current placement. The permanency plan for the other children is to remain with their nonabusing fathers.

We explained further:

> As to duress, this Court has held that, in the context of an adoption, duress "means a condition that exists when a natural parent is induced by the unlawful or unconscionable act of another to consent to the adoption of his or her child. Mere 'duress of circumstance' does not constitute duress[.]"

*Id.* (citations omitted). Petitioner fails to argue that she was induced into voluntarily relinquishing her parental rights by an unlawful or unconscionable act. She asserts that "she was led to believe by the court that it was in the minor children's interest for her to present a voluntary relinquishment," but she fails to recognize that circuit courts are routinely tasked with determining what disposition is in the children's best interest. Further, Rule 35(a) does not require a court to inquire as to whether the parent believes the relinquishment is in the child's best interest. More importantly, petitioner's view of what is in the children's best interest carried little weight, given that she failed to protect them from sexual abuse and "possess[ed] a complete lack of understanding as to what her role as a parent is, in terms of defending her children from her own family members['] . . . predatory behaviors." Essentially, petitioner is arguing duress of circumstances, in that she "did not know what else to do" when confronted with the imminent termination of her parental rights through a contested disposition. This is simply insufficient to entitle her to relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 31, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn